UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

REGINALD D. TUMLIN, )
)
    Petitioner, )
)
v. ) No.: 1:21-CV-58-KAC-SKL
)
SAMMY ROGERS, )
)
    Respondent. )

## MEMORANDUM OPINION

Before the Court is Reginald D. Tumlin's pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 [Doc. 1] and Respondent's motion to dismiss the petition as time-barred [Doc. 12]. For the reasons set forth below, the Court will grant Respondent's motion and dismiss the instant petition with prejudice.

**I.    FACTUAL AND PROCEDURAL HISTORY**

In June 2012, a Hamilton County, Tennessee jury convicted Petitioner of two counts of child abuse, one count of criminally negligent homicide, and one count of aggravated child neglect related to the May 2010 death of his three-year-old son [*See, e.g.,* Doc. 11-1 at 17, 118]. As a result of his convictions, Petitioner was sentenced to a sixty-year (60-year) term of incarceration in the Tennessee Department of Correction [Doc. 11-2 at 43, 46; Doc. 11-10 at 31-36]. The Tennessee Court of Criminal Appeals ("TCCA") affirmed Petitioner's conviction on direct appeal. *See State v. Tumlin*, No. E2013-01452-CCA-R3-CD, 2014 WL 7073752, at *1 (Tenn. Crim. App. Dec. 15, 2014), *perm. app. denied* (Tenn. May 14, 2015). On May 14, 2015, the Tennessee Supreme Court denied Petitioner's application for permission to appeal [Doc. 11-17].

On May 9, 2016, Petitioner filed a pro se petition for post-conviction relief, [Doc. 11-18 at 4-22], which he later amended twice after obtaining appointed counsel, [*See* Doc. 11-18 at 39-42; 60-64]. Following an evidentiary hearing, the post-conviction court denied relief [*Id*. at 73-118]. Petitioner appealed to the TCCA [Doc. 11-22]. On March 23, 2020, the TCCA affirmed the decision of the post-conviction court. *See Tumlin v. State*, No. E2019-00622-CCA-R3-PC, 2020 WL 1487800, at *1 (Tenn. Crim. App. Mar. 23, 2020). Petitioner did not seek permission to appeal that decision to the Tennessee Supreme Court.

On March 17, 2021, this Court received the instant petition [Doc. 1]. The Court directed Respondent to respond to the petition, and Respondent filed a November 9, 2021 motion to dismiss the petition as untimely [Doc. 12]. Petitioner failed to respond to the motion to dismiss, and the deadline to do so has passed [*See* Doc. 8].

## II.  LEGAL STANDARD

The instant petition for writ of habeas corpus is subject to the statute of limitations in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA's limitation period provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

2

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The federal limitation period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2).

In "appropriate cases," Section 2244(d) "is subject to equitable tolling." *Holland v. Florida*, 560 U.S. 631, 645 (2010). Generally, "to demonstrate that he is entitled to equitable tolling, a *habeas* petitioner must establish: (1) that he has diligently pursued his rights; and (2) 'that some extraordinary circumstance stood in his way and prevented timely filing.'" *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 462 (6th Cir. 2012) (emphasis in original) (quoting *Holland*, 560 U.S. at 649). "Equitable tolling is granted sparingly and is evaluated on a case-by-case basis, with the petitioner retaining the 'ultimate burden of persuading the court that he or she is entitled to equitable tolling.'" *Id.* (quoting *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011)). A "credible showing of actual innocence" may also allow a petitioner to overcome AEDPA's limitation period. *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). To establish a "credible showing of actual innocence," the petitioner must "support his allegations of constitutional error with new, reliable evidence . . . that was not presented at trial." *Davis v. Bradshaw*, 900 F.3d 315, 326 (6th Cir. 2018) (citing *House v. Bell*, 547 U.S. 518, 537 (2006)). This new reliable evidence, considered with all of the evidence, must show that "it is more likely than not that no reasonable juror would have convicted the petitioner." *Id.* (quoting *McQuiggin*, 569 U.S. at 395) (cleaned up).

## III.   DISCUSSION

Petitioner's judgment and conviction became "final" on August 12, 2015—the expiration of the time to seek certiorari review in the United States Supreme Court following the Tennessee

3

Case 1:21-cv-00058-KAC-SKL   Document 17   Filed 01/25/22   Page 3 of 5   PageID #: 2243

Supreme Court's May 14, 2015 denial of discretionary review on direct appeal [May 14, 2015 + 90 days = August 12, 2015]. *See Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012) (holding that where petitioner does not seek certiorari review, judgment becomes final at "expiration of the time for seeking such review"); *Clay v. United States*, 537 U.S. 522, 527-28 (2003) (holding "[f]inality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires"); *see also* Sup. Ct. R. 13.1 (allowing petitioner ninety (90) days from "entry of the judgment or order sought to be reviewed" to file a timely petition for certiorari). Therefore, the federal limitation period began running the following day, August 13, 2015, and continued running for 271 days until Petitioner temporarily stopped the limitation clock by filing his petition for post-conviction relief on May 9, 2016 [*See* Doc. 11-18 at 4]. 28 U.S.C. § 2244(d)(2).

The limitation period was tolled during the pendency of Petitioner's post-conviction proceedings. Those proceedings concluded on May 22, 2020, when the time for Petitioner to apply for permission to appeal to the Tennessee Supreme Court expired [March 23, 2020 TCCA decision + 60 days = May 22, 2020]. *See* Tenn. R. App. P. 11(b) (establishing application for permission to appeal to Tennessee Supreme Court must be filed "within 60 days after the entry of the judgment of the . . . Court of Criminal Appeals"). The limitations clock began running again the following day, May 23, 2020, and it expired ninety-four (94) days later on August 25, 2020 [271 days + 94 days = 365 days]. Petitioner filed his federal habeas petition on March 16, 2021 [Doc. 1-4].[1]

Petitioner failed to timely file his federal habeas petition. As such, the Court may only consider the merits of the petition if Petitioner (1) establishes that he is entitled to equitable tolling

---

[1] A prisoner's pleading is deemed filed on the day it was delivered to a prison official for mailing. *See Houston v. Lack*, 487 U.S. 266, 276 (1977) (declaring "mailbox rule"). Because the envelope bearing Petitioner's Section 2254 petition is stamped "received" by Petitioner's custodial facility on March 16, 2021, the Court concludes that the petition was "filed" on March 16, 2021 [*See* Doc. 1-4].

4

or (2) makes a "credible showing of actual innocence." *See Holland*, 560 U.S. at 649; *McQuiggin*, 569 U.S. at 392. Petitioner has made no argument that he is entitled to equitable tolling, and the Court sees no basis for one. And Petitioner has not attempted to make a credible showing of actual innocence. Accordingly, the Court must dismiss Petitioner's habeas petition as time-barred.

## IV.     CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to Petitioner. Additionally, Petitioner must obtain a COA before appealing this Court's decision denying federal habeas relief. *See* 28 U.S.C. § 2253(c)(1). Because the Court rejected the instant petition on procedural grounds, Petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" for a COA to issue. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard to the facts at hand, the Court denies a COA.

## V.      CONCLUSION

For the reasons set forth herein, the Court **GRANTS** Respondent's motion [Doc. 12] and **DISMISSES** Petitioner's federal habeas petition with prejudice. The Court **DENIES** a certificate of appealability.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

                                               s/ Katherine A. Crytzer
                                               KATHERINE A. CRYTZER
                                               United States District Judge