| | |
|---|---|
| REGINALD D. TUMLIN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No.: 1:21-CV-58-KAC-SKL |
| | ) |
| SAMMY ROGERS, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

On January 25, 2022, the Court dismissed as untimely Petitioner Reginald D. Tumlin's pro se federal habeas petition filed under 28 U.S.C. § 2254 [*See* Docs. 17 and 18]. Three months later, on April 25, 2022, the Court received a letter from Petitioner seeking to "present [e]vidence of how, and why Habeas Corpus Petition was filed late and untimely" [Doc. 19]. The Court liberally construes this letter as a motion for relief from judgment. For the reasons articulated below, the Could **DENIES** this motion.

I.     **LEGAL STANDARD**

A motion "that is filed within 28 days [after judgment] can be construed as a motion to alter or amend the judgment under Rule 59(e) [of the Federal Rules of Civil Procedure], and one that is filed after 28 days can be construed as a motion for relief from judgment under Rule 60(b)." *In re Greektown Holdings, LLC*, 728 F.3d 567, 574 (6th Cir. 2013). Because Plaintiff sent the instant letter more than twenty-eight (28) days after the entry of judgment [*See* Docs. 18 (filed 1/25/2022), 19 (filed 4/25/2022)], the Court construes Plaintiff's motion as one under Rule 60(b). Rule 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances[.]" *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). A party may obtain relief for the following reasons:

(1) Mistake, inadvertence, surprise, or excusable neglect;
(2) Newly discovered evidence …;
(3) Fraud…, misrepresentation, or misconduct by an opposing party;
(4) The judgment is void;
(5) The judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) Any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

None of the grounds for relief enumerated in Rule 60(b)(1)-(5) apply, so the Court considers the motion under Rule 60(b)(6). Rule 60(b)(6) provides relief from judgment for any reason not captured by the other, more specific provisions of Rule 60. *See West v. Carpenter*, 790 F.3d 693, 696-97 (6th Cir. 2015) (citation omitted). "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014) (citing *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001)). Rather, Rule 60(b)(6) applies only in "exceptional or extraordinary circumstances," which "rarely occur" in habeas cases. *See Sheppard v. Robinson*, 807 F.3d 815, 820 (6th Cir. 2015) (quoting *Gonzalez*, 545 U.S. at 535). Whether a circumstance is "exceptional or extraordinary" requires a "case-by-case inquiry . . . [that] intensively balance[s] numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *West*, 790 F.3d at 697 (citation omitted).

## II. PETITIONER'S ARGUMENTS & PROCEDURAL BACKGROUND

Petitioner essentially asks the Court to equitably toll the statute of limitations applicable to his Section 2254 petition because of the circumstances of his post-conviction proceedings [Doc. 19 p. 1-2]. He claims that (1) he was unable to access the law library during his post-conviction proceedings due to COVID-19 lockdowns and restrictions; (2) post-conviction counsel failed to

2

advise Petitioner of the appellate court's decision affirming the denial of post-conviction relief and failed to file a motion to withdraw following that decision, thereby leading Petitioner to believe the attorney was continuing to represent Petitioner; and (3) his family retained attorney Gary Anderson to file a federal habeas petition for Petitioner following a April 27, 2020 letter from Anderson to Petitioner, and therefore, if the petition was untimely it is Anderson's fault [*Id.*].

271 days of the federal limitations period expired between when Petitioner's conviction became final and when he filed a petition for post-conviction relief on May 9, 2016, thereby temporarily stopping the limitation clock [*See* Doc. 17 p. 4]. 28 U.S.C. § 2244(d)(2). The limitations period remained tolled until May 22, 2020, when the time expired for Petitioner to apply for permission to appeal to the Tennessee Supreme Court following the decision of the Tennessee Court of Criminal Appeals ("TCCA") affirming the denial of post-conviction relief [March 23, 2020, TCCA decision + 60 days = May 22, 2020]. *See* 28 U.S.C. § 2244(d)(2); Tenn. R. App. 11(b) (establishing application for permission to appeal to Tennessee Supreme Court must be filed "within 60 days after the entry of the judgment"). The limitations clock began running again on May 23, 2020 and expired ninety-four (94) days later on August 25, 2020 [*See* Doc. 17 p. 4]. Petitioner filed his pro se federal habeas petition over six (6) months later, on March 16, 2021 [Doc. 1-4].

### III. ANALYSIS

As an initial matter, Petitioner waived his argument for equitable tolling by failing to raise it in his petition or in response to Respondent's motion to dismiss the petition, which specifically attacked the timeliness of the petition. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) (noting issues are typically waived when raised for the first time in motions for reconsideration or in replies to responses); *Emmons v. McLaughlin*, 874 F.2d 351, 358 (6th Cir. 1989) ("It is well established ... that a district court does not abuse its discretion in denying a Rule

3

59 motion when it is premised on evidence that the party had in its control prior to the original entry of judgment."). Petitioner cannot raise arguments for equitable tolling for the first time in a motion for post-judgment relief. *See*, e.g., *Moses v. Hoffner*, No. 12-CV-13623, 2014 WL 5499387, at *2 (E.D. Mich. Oct. 30, 2014) (citing *Landrau-Romero v. Banco Popular De Puerto Rico*, 212 F.3d 607, 612 (1st Cir. 2000)). Further, Petitioner's claim that he received ineffective assistance of post-conviction counsel cannot be grounds for Rule 60(b)(6) relief because there is no constitutional right to counsel in post-conviction proceedings. *See Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the post-conviction context where prisoners have no constitutional right to counsel."); *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) ("There is no constitutional right to an attorney in state post-conviction proceedings.").

The Court will, however, consider Petitioner's other arguments for equitable tolling. As relevant here, to qualify for equitable tolling, petitioner must demonstrate (1) that he diligently pursued his rights, and (2) "some extraordinary circumstance" prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted). It is an exception granted "sparingly," *Keeling v. Warden*, 673 F.3d 452, 462 (6th Cir. 2012), and only where Petitioner has carried the burden of persuasion, *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (finding it is the petitioner's burden to demonstrate equitable tolling applies).

A petitioner who "receive[s] a delayed notification of a state court judgment due to clerical or attorney errors may not seek equitable tolling if they 'passively await decision.'" *Robinson v. Easterling*, 424 F. App'x 439, 443 (6th Cir. 2011) (citing *Miller v. Collins*, 305 F.3d 491, 496 (6th Cir. 2002)). The limitations period "may only be tolled where the circumstances are both beyond the petitioner's control and unavoidable even with due diligence." *Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir. 2001). Here, Petitioner has not shown that COVID-19 lockdowns

4

impaired his ability to timely file his habeas petition. Instead, he merely argues that there were COVID-related restrictions in place during his post-conviction appeal period that prevented his access to the law library [Doc. 19 p. 1]. He had the assistance of appointed counsel through his appeal to the TCCA, however, and he offers no facts that would support a finding that COVID restrictions extended through the applicable federal limitations period, and that he would have been able to timely file his habeas petition but for those restrictions. Accordingly, this argument dose not prevail. *See Andrews v. United States*, No. 17-1693, 2017 WL 6376401, at * 2 (6th Cir. Dec. 12, 2017) ("Courts have consistently held that general allegations of placement in segregation and lack of access to legal materials are not exceptional circumstances warranting equitable tolling, especially where a petitioner does not sufficiently explain why the circumstances he describes prevented him from timely filing a habeas petition." (citations omitted)).

Both attorney abandonment and a petitioner's significant, involuntary delay in learning about the status of an appeal may constitute extraordinary circumstances warranting equitable tolling in some instances. *See Miller v. Collins*, 305 F.3d 491, 495-96 (6th Cir.2002) (finding lack of notice/knowledge as to filing requirement, diligence, absence of prejudice to respondent, and reasonableness of petitioner's ignorance relevant to equitable tolling inquiry); *Gordon v. England*, 354 F. App'x 975, 980 (6th Cir. 2009) (recognizing attorney abandonment can be basis for equitable tolling). Petitioner states that he attempted to call his post-conviction attorney on one occasion, but he does not identify any other active attempts to pursue his case. Moreover, Petitioner does not identify when he learned of the TCCA's March 23, 2020 decision affirming the rejection of his post-conviction petition, when his family retained Anderson to assist Petitioner, Petitioner's other efforts to contact Anderson, or when he received the draft habeas petition that Anderson forwarded to Petitioner for pro se filing. It is without question that Petitioner knew of the TCCA's decision affirming the denial of his post-conviction petition by April 27, 2020, when

5

he received a letter from Anderson regarding the decision and advising Petitioner of the potential for a federal habeas action [*See* Doc. 19 p. 5]. At that time, Petitioner still had approximately four (4) months left to timely file a federal habeas petition [April 27, 2020 to August 25, 2020]. Yet he failed to take any affirmative action to protect that right. Petitioner's failure to act throughout his post-conviction and federal habeas proceedings is inapposite to a finding of due diligence. Petitioner has failed to demonstrate that the alleged failures by post-conviction and/or federal habeas counsel impeded his ability to timely file a federal habeas petition, or that he acted with diligence in pursuing his rights. Accordingly, Petitioner is not entitled to relief under Rule 60(b).

## IV. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(a) and (c), a petitioner may appeal a final order in a habeas proceeding only if he is issued a Certificate of Appealability ("COA"), and a COA may only issue where a Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This provision likewise applies to the denial of a Rule 60(b) motion. *United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007).

To obtain a COA, a petitioner must "demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Applying this standard, a COA should be **DENIED**.

## V. CONCLUSION

Petitioner has not demonstrated that extraordinary circumstances exist justifying the reopening of this action. Therefore, the Court **DENIES** Petitioner's motion [Doc. 19]. The Court also **DENIES** a COA from this decision.

**SO ORDERED.**

**ENTER:**

                                s/ Katherine A. Crytzer
                                KATHERINE A. CRYTZER
                                United States District Judge